NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LANCE DELON ALVARADO,<br><br>       Plaintiff - Appellant,<br><br>v.<br><br>CALIFORNIA UNEMPLOYMENT<br>INSURANCE APPEALS<br>BOARD; CALIFORNIA EMPLOYMENT<br>DEVELOPMENT DEPARTMENT,<br><br>       Defendants - Appellees. | No. 24-2049<br><br>D.C. No. 2:23-cv-03041-TLN-CSK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted November 12, 2025[**]

Before: SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

Lance Delon Alvarado appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims against state agencies

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

arising from the denial of pandemic unemployment assistance benefits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and for an abuse of discretion a dismissal as frivolous under § 1915(e)(2)(B)(i). *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Alvarado's action because Alvarado failed to allege facts sufficient to state any plausible claim, and because several of Alvarado's claims were legally frivolous. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998) (setting forth the elements of a procedural due process claim); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (explaining that a complaint "is frivolous where it lacks an arguable basis either in law or in fact").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**